IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WHITTENBERG,

    Plaintiff,                    No. CIV S-04-2313 FCD JFM P

    vs.

LT. L. ROLL,

    Defendant.                 <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On October 20 and 28, 2005, plaintiff filed motions to compel discovery.  Defendant filed an opposition on December 8, 2005.

        On January 13, 2006, defendant filed a supplement to his opposition.  On February 13, 2006, plaintiff filed a document entitled "Motion to Compel."  However, this document revisits plaintiff's earlier-filed motions to compel and provides plaintiff's detailed responses to defendant's objections.  Accordingly, the court construes plaintiff's February 13, 2006 filing as a reply to defendant's opposition to the pending motions to compel discovery. Thus, defendant need not file an opposition to this document and his request for extension to do so will be denied.

1

In his October 29, 2004 complaint, plaintiff alleges that defendant Roll racially discriminated against plaintiff in retaliation for plaintiff filing lawsuits against certain correctional employees by reclassifying and changing plaintiff's position as paid leadperson to a nonpaid position, from September 1, 2001 through March of 2003. In addition to monetary damages and injunctive relief, plaintiff seeks back pay.

Plaintiff seeks further responses to requests for production of documents and interrogatories propounded to defendant on May 9, 2005 and May 19, 2005. The court will address each disputed item seriatim.

I. <u>May 9, 2005 Request for Production of Documents</u>

In his motion to compel, plaintiff does not address individual responses. He argues that all of the documents he seeks are relevant to his case and asks the court to overrule defendants' objections and require them to produce further documents. Defendant contends the only requests at issue are requests 2, 3, 4, 5 and 8, based on a letter from plaintiff dated September 20, 2005. Neither party has provided the court with a copy of that letter. However, in plaintiff's February 13, 2006 reply, plaintiff does not dispute this characterization and has provided plaintiff's position concerning these objections. Accordingly, the court will address requests 2, 3, 4, 5 and 8 herein.

<u>Request No. 2</u>: "Plaintiff's mental Health Service History, containing the complete documents, files, reports, and evaluations, or Plaintiff's mental Health History, Here at Solano state Prison, relevant from the following time frame of, May 1, 2000 thru December 31, 2004."

Defendant objected to this request as compound, vague and overly broad, but without waiving objection, referred plaintiff to his central and medical files. Plaintiff contends this information is relevant because he contends that defendant's tactics have caused him extreme mental and physical stress.

/////

However, plaintiff has not demonstrated he does not have access to his medical and central files using institutional procedures. Plaintiff may obtain copies of any pertinent documents therefrom by following said procedures.[1] Accordingly, the court finds defendant's objections to be well taken and will not order further response to Request No. 2.

<u>Request No. 3</u>: "The inmate Pay Committee members, names that were Present at the Inmate meetings, the Chairperson, and all others that were Present at the Inmate Pay Committee meetings, Here at Solano state Prison, relevant from the time frame of, September 1, 2001 thru April 4, 2003."

Defendant objected to this request on the ground that it was not a request for production, but was an interrogatory. Plaintiff argues that this information is relevant to the subject matter because it pertains to the subject matter of this litigation. However, plaintiff did not seek documents in this request; he asked defendant to provide names. Because that is a request more properly raised in an interrogatory and is not a request to produce documents, defendant's objection is well taken and the court will not order defendant to further respond.

<u>Request No. 4</u>: "The inmate Pay Committee members, minutes of staff meetings, memorandums, written statements, Reports, originals, and or copies identifiable as the Inmate Pay Committee members meetings, Here at Solano state Prison, relevant from the following time frame of, September 1, 2001 thru April 4, 2003."

Defendant objected to this request on the grounds that it was compound, overly broad, not reasonably calculated to lead to discovery of admissible evidence and requested confidential information which, if released, might jeopardize the prison security or inmate and

---

[1] In his February 13, 2006 motion to compel, plaintiff states that he has refrained from asking prison officials for documents because "they made it crystal clear that they would not discuss, or supply what is needed, so plaintiff do[es] not want any more problems with staff here at this Prison, Solano, and surely don't want to be burdensome to custody staff." (<u>Id.</u> at 8.) Plaintiff is advised that it is his responsibility to review his central and medical files to determine whether any documents therein are required for this lawsuit. Once he identifies documents he needs, he is entitled, under institutional procedures, to photocopies of those documents.

3

staff safety.  Defendant also objected that portions of the request were not a request for production of documents, but, in fact, an interrogatory.  Without waiving objections, however, defendant produced section 51120 of the CDC Operations Manual entitled "Inmate Pay," a documents entitled "Inmate Trust Account Statement" and Inmate Assignment History,"related to plaintiff.

Plaintiff contends this information is relevant to the subject matter of his lawsuit.  Plaintiff contends this information will show that committee members were only following defendant Roll's orders in depriving plaintiff of his pay and that the committee members knew plaintiff's pay position was already approved and established on September 1, 2001.

The court finds that certain portions of this information are relevant herein.  Plaintiff is entitled to receive copies of memorandums, written statements and reports from Inmate Pay Committee members' meetings pertinent to the position plaintiff held at Solano State Prison for the time period January 1, 2001 through April 4, 2003.[2]  Defendant may redact information that would threaten the safety or security of the institution, staff or inmates, as well as information not pertinent to plaintiff's position.  Defendant shall not redact the names of the committee members from these documents.

Request No. 5:  "The California Department of Corrections (CDC) form 269, Inmate Pay Plan (Exhibit A) containing new inmate Pay Positions or change in existing Positions, Here at Solano state Prison, relevant from the following time frame of, September 1, 2001, thru April 4, 2003."

Defendant objected to this request on the grounds that it was compound, vague and overly broad.  Defendant noted that plaintiff did not append an Exhibit A but, without

---

[2] In a letter dated September 30, 2005, counsel for defendant asked plaintiff whether he would change his position "if the facts show that when the position was created, it did not have a pay number, the person before [plaintiff] was not paid, and the position did not get a pay number until after C/O Snelson got the process moving, sometime in 2003." (Pl.'s October 28, 2005 Motion, Ex. A.)  If defendant has documents demonstrating these facts, defendant is obligated to turn over such documents to plaintiff as well.

4

waiving objections, defendant produced section 51120 of the CDC Operations Manual entitled "Inmate Pay," and documents entitled "Inmate Trust Account Statement" and "Inmate Assignment History," related to plaintiff.

Plaintiff contends this information is relevant to the subject matter of this lawsuit because "M. Brenegan, accounting officer (A)., and Tom L. Carey, Warden, cited CDC Operations Manual Section (DOM) 51120.4 Administration of Inmate Pay Plan (see Plaintiff's exhibit "C," page 1 and 2." (Reply at 4.)  Plaintiff contends form 269 exists and is relevant to his claims herein.

It appears plaintiff from plaintiff's reply that at a minimum he seeks a copy of the document referred to in Warden Carey's July 18, 2003 second level appeal response. (February 13, 2006 Reply, Ex. C.)  Although that appeal response refers to the document as "Exhibit A," it appears it was not attached to the appeal response.  Plaintiff is entitled to receive a copy of the specific document referred to as Exhibit A to the July 18, 2003 appeal response.  Defendant shall produce it.

It also appears from Request No. 5 that plaintiff seeks copies of any other 269 forms issued between September 1, 2001, thru April 4, 2003.  This information appears relevant herein.  Plaintiff may be attempting to prove that similar positions were paid during the time frame at issue herein and thus, his position should also have been a paid position.  Defendants shall produce this information, redacting those portions that are not relevant or contain information for positions not similar to plaintiff's position herein.

<u>Request No.8</u>: "Plaintiff respectfully request, any and all of the relevant Documents, written statements, Reports, files, computer Disk files, that were Authored, and made by Prison employee, while employed at California State Prison, Solano, at Vacaville, California, relevant from the following time Frame of, September 1, 2001 thru September 4, 2003."

/////

1    Defendant objected to this request on the grounds that it was compound, vague, overly broad, and requests confidential information which, if released, may jeopardize the security of the prison or the safety of inmates or staff. However, without waiving objection, defendant produced section 51120 of the CDC Operations Manual entitled "Inmate Pay," and documents entitled "Inmate Trust Account Statement" and "Inmate Assignment History," related to plaintiff.

Plaintiff contends this information is relevant to this lawsuit because "these people were working for the assignment [of] Lt. L. Roll at the time of plaintiff's assignment to that pay position, and any and all of the documents were authored by prison employees." (February 13, 2006 Reply at 4.)

Defendant's objections are well taken. Plaintiff has not demonstrated that prison employees played a role in determining whether a prison position was paid or nonpaid. Accordingly, plaintiff's motion to compel further responses to this request will be denied.

Finally, the court notes that plaintiff has been extremely patient in his efforts to obtain discovery both from opposing counsel and the court. Accordingly, counsel for defendant is cautioned no extension of time will be granted. The scheduling order in this case has been revised twice and the court will tolerate no further delay herein.

II. <u>May 19, 2005 Interrogatories and Request for Production of Documents</u>[3]

Defendant Roll's responses were delayed for a number of reasons, one of which was defendant Roll's retirement from the CDC. On November 18, 2005, defendant Roll provided counsel with her responses and counsel subsequently submitted them to plaintiff on December 12, 2005. During this time, the court had reopened discovery. Defendant asks the court to find defendant Roll's responses timely made, nunc pro tunc.

---

[3] Although entitled "Plaintiff's Interrogatories and Request for Production of Document to Defendant," it appears the document only contained interrogatories propounded to defendant Roll. (October 10, 2005 Motion, Ex. B.)

1       Plaintiff objects that he was required to wait seven months for responses he first
2 propounded in May of 2005. Plaintiff objects that he asked defendant Roll seven questions, but
3 only received two answers. Plaintiff did not, however, address why defendant's objections to
4 interrogatories Nos. 3 - 7 should be overruled. The court has reviewed the objections to the
5 interrogatories and finds the objections to interrogatories Nos. 3 - 5 to be well taken. These
6 interrogatories asked for a legal opinion and speculation. Plaintiff's motion to compel further
7 responses to interrogatories Nos. 3 - 5 will be denied.

8       In Interrogatory No. 6, plaintiff asked defendant Roll to "identify all staff
9 members who works in the inmate assignment office, Who have or had the Authority to establish
10 the effective Date of Plaintiff Leadperson Pay Position, from 9-01-01, other than Defendant?"
11 Defendant Roll objected that the question was overly broad, not relevant and not reasonably
12 calculated to lead to the discovery of admissible evidence but, without waiving objection, noted
13 that defendant Roll had retired from the CDCR and "is currently without knowledge as to who
14 works in the inmate assignment office. It is Defendant's understanding that the pay committee
15 authorizes pay positions." (Defendant's Response at 4.)

16       Interrogatory 7 asked defendant to "state the names, titles and duties of all staff
17 members, who works in the inmate assignment office and what is their Responsibility?"
18 Defendant objected to this interrogatory on the grounds it was overbroad, not relevant and not
19 reasonably calculated to lead to the discovery of admissible evidence. Defendant stated
20 defendant Roll had retired from the CDCR and "is currently without knowledge as to who works
21 in the inmate assignment office. Defendant has attached to this Response some documents
22 related to the inmate assignment office and the duties and responsibilities of staff members in
23 that office." (Defendant's Response at 4-5.)

24       Plaintiff has not demonstrated how the identity of who works in the inmate
25 assignment office is relevant to his claim herein, particularly where the pay committee authorizes
26 pay positions. Moreover, the court has granted plaintiff's motion to compel production of certain

pay committee documents. Therefore, this court finds defendant Roll's responses timely made, nunc pro tunc, and will deny plaintiff's motion to compel further responses to interrogatories.

III. Deposition Transcript

Plaintiff continues to complain that defendant has not provided plaintiff with a copy of his deposition transcript. It appears there were difficulties getting the draft deposition transcript to plaintiff for his review and corrections, if any. (See January 13, 2006 Decl. at 1-3.) However, on December 15, 2005, plaintiff signed a document reflecting he had reviewed the deposition transcript. (Defts.' Supplemental Opp'n, filed January 13, 2006, at 4 (Docket No. 50-2).) Plaintiff was advised by opposing counsel that if plaintiff wished to obtain his own copy of the deposition transcript, he would have to purchase one. (January 13, 2006 Decl. at 2.) Plaintiff was present at his own deposition and was permitted an opportunity to review the deposition.

There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts. See 28 U.S.C. § 1915(d); cf. Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir.1993) (finding no abuse of discretion because there is no authorization for the court to commit federal money to provide indigent litigants with copies of deposition transcripts).[4] Accordingly, plaintiff's motion to compel defendant to provide plaintiff with a copy of the deposition transcript free of charge is denied.

IV. March 6, 2006 Motion to Compel

Finally, on March 6, 2006, plaintiff filed a document entitled "Motion to Compel Discovery." In this filing, plaintiff objects to defendant's request for extension of time and raises complaints concerning defendant's failure to provide further discovery responses to his earlier-filed discovery requests, which were the subject of plaintiff's 2005 motions to compel. In addition, this motion was filed beyond the January 31, 2006 discovery deadline. Accordingly, the March 6, 2006 motion will be denied.

---

[4] Defendant would be required to provide plaintiff copies of any portions of plaintiff's deposition transcript used to support a motion for summary judgment.

8

V. <u>Impending Deadlines</u>

On February 21, 2006, defendant filed a request for extension of the dispositive motion deadline.[5] Because plaintiff may need the discovery ordered to file or oppose a dispositive motion, the court will briefly extend the dispositive motion deadline. Good cause appearing, the dispositive motion deadline will be continued from March 24, 2006 to May 26, 2006. All other dates set in the December 6, 2005 order remain the same.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 13, 2006 filing is construed as a reply to defendants' opposition to plaintiff's 2005 motions to compel.

2. Defendant's February 21, 2006 request for extension to oppose plaintiff's February 13, 2006 filing is denied.

3. Plaintiff's October 20, 2005 and October 28, 2005 motions to compel are granted in part. Within thirty days from the date of this order, defendant shall provide further responses to plaintiff's Request for Production Nos. 4 and 5, as noted above. No extensions of time will be granted with regard to this production. In all other respects, plaintiff's 2005 motions to compel are denied.

4. Plaintiff's March 6, 2006 motion to compel is denied.

5. Defendant's February 21, 2006 request for extension of the dispositive motion deadline is granted. The dispositive motion deadline is continued from March 24, 2006 to May 26, 2006.

DATED: March 15, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; whit2313.mtc

---

[5] Defendant's counsel will be out of the office from March 22, 2006 to April 4, 2006.

9